**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

|  |  |
|---|---|
| LISA PARKER, | Case No.: |
| Plaintiff, | |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| | 1. TCPA, 47 U.S.C. § 227 |
| PAYPAL, INC., | |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Lisa Parker, ("Plaintiff"), through her attorneys, alleges the following against Defendant, PayPal, Inc., ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

## JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

3.   Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

4.   Defendant transacts business here, therefore, personal jurisdiction is established.

## PARTIES

5.   Plaintiff is a natural person residing in Bergenfield, Bergen County, New Jersey.

6.   Defendant, PayPal, Inc., is an online payments system website that supports online money transfers and also provides a line of credit to make purchases. Defendant's principal place of business is located in San Jose, California. Defendant can be served with process to CT Corporation System at 818 W Seventh St, Ste 930, Los Angeles, CA 90017.

7.   Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8.   Defendant is attempting to collect a debt from Plaintiff.

9.   In or around August 2017, Defendant began placing calls to Plaintiff's cellular phone number (845) 653-6554, in an attempt to collect an alleged debt.

10.  The calls mainly originated from: (888) 393-7163, (866) 380-6582, and (888) 334-6220; upon information and belief, these numbers are owned or operated by Defendant. The list of phone numbers may not include other numbers Defendant may have made calls from.

11. On or about August 29, 2017, at 9:27 a.m., Plaintiff answered a call from Defendant originating from telephone number (888) 393-7163; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

12. Defendant informed Plaintiff that it was calling in an attempt to collect a debt. During this phone call, Plaintiff unequivocally revoked consent to be contacted on her cellular phone any further.

13. That request was ignored, and Plaintiff continued to receive phone calls from the Defendant throughout the months of September and October of 2017.

14. On several occasions, Plaintiff received multiple phones calls on the same day from Defendant; On September 5, 2017, Plaintiff received five (5) phone calls from Defendant; On September 6, 2017, Plaintiff received four (4) phone calls from Defendant; On September 7, 2017, Plaintiff received six (6) phone calls from Defendant; On September 26, 2017, Plaintiff received seven (7) phone calls from Defendant. This list is not comprehensive as there are several more dates on which Plaintiff received multiple phone calls on the same day.

15. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at

random, in sequential order, or from a database of numbers." *2003 TCPA Order,*

18 FCC Rcd at 14091, para. 131.

16. The FCC further explained that the "principal feature of predictive dialing

software is a timing function, not number storage or generation." *Id.*

17. Finally, the FCC stated that "a predictive dialer falls within the meaning and

statutory definition of 'automatic telephone dialing equipment' and the intent of

Congress.'" *Id.* at 14091-92, paras. 132-133.

18. Defendant attempted to predict when Plaintiff was available by calling her at 9:16

a.m. (September 5, 2017), 9:40 a.m. (September 7, 2017), 9:45 a.m. (September

8, 2017), 9:57 a.m. (September 9, 2017), and 9:04 a.m. (September 12, 2017).

19. Defendant attempted to predict when Plaintiff was available by calling her at 12:40

p.m. (September 6, 2017), 12:16 p.m. (September 7, 2017), 12:38 p.m. (September

8, 2017), 12:45 p.m. (September 9, 2017), and 12:23 p.m. (September 12, 2017).

20. The constant phone calls from Defendant has caused Plaintiff emotional distress as

the phone would ring multiple times a day and continue to ring even after Plaintiff's

request to stop calling.

21. Plaintiff works at the hospital and she would receive several calls a day while

working. The phone calls were extremely disruptive during her work day and

would interrupt her while she was with patients.

22. Plaintiff is required to keep her phone with her at all times to communicate with

doctors, and Defendant's constant phone calls on a daily basis would disrupt her

work.

23. Moreover, Plaintiff has two (2) young children and Defendant would call Plaintiff early in the morning and disrupt her children's sleep.

24. Defendant even called Plaintiff on September 26, 2017 at 11:44 p.m. Defendant's conduct would wake Plaintiff and her children early in the mornings and would not let them sleep late at night.

25. The aggressive and harassing nature of the calls over the two (2) month period has made it difficult for Plaintiff to use her cellular phone without being worried about further calls from Defendant.

26. Between September 2017 and October 2017, Defendant has contacted Plaintiff on her cellular phone approximately one-hundred fifty (150) times, despite Plaintiff revoking to be contacted on her cellular phone on August 29, 2017 at 9:27 a.m.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic

telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular phone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

29. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00) for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Lisa Parker, respectfully requests judgment be entered against Defendant, PayPal, Inc., for the following:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

B. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

C.  Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,


Dated: June 28, 2017                    By:      */s/ Alla Gulchina*

                                                 Alla Gulchina, Esq.
                                                 **PRICE LAW GROUP, APC**
                                                 86 Hudson Street
                                                 Hoboken, NJ 07030
                                                 Phone: 818.600.5566
                                                 Fax: 818.600.5466
                                                 Email: alla@pricelawgroup.com
                                                 *Attorney for Plaintiff,*
                                                 *Lisa Parker*